**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**


**DENNIS CARTER,**

      Plaintiff,

v.                                                                                       No. CIV 08-608 BB/RLP

**AERO MECHANICAL INDUSTRIES,
INC.**,

      Defendant.


## MEMORANDUM OPINION

This matter comes before the Court pursuant to the Court's prior order to show cause why the case should not be remanded to state court. Both parties have responded to the Court's order, with Plaintiff supporting remand and Defendant opposed. After considering the arguments of the parties and the applicable law, the Court will remand this case for the reasons discussed below.

**Facts**

According to the complaint filed in this case, Plaintiff was employed by Defendant as an inspector of maintenance and repair work performed on airframe parts for large commercial jets. Plaintiff maintains that he complained to Defendant about the quality of some repair work and resulting safety issues. Plaintiff also refused to sign off on some work that he considered inadequate. In response, according to Plaintiff, Defendant disciplined him and did not change its practices. Ultimately, after Plaintiff filed a complaint with the Federal Aviation Authority ("FAA"), Defendant terminated his employment. Plaintiff then filed a complaint in state court, raising a state-law wrongful-discharge claim. Plaintiff maintained he was fired in violation of public policy, which is a common-law cause of action in New Mexico.

Defendant responded to Plaintiff's complaint by removing the action to this Court, maintaining Plaintiff's state-law claim is preempted by a particular provision of a federal statute, the Whistleblower Protection Program of the Airline Deregulation Act, 49 U.S.C. § 42121 ("WPP"). Due to the Court's concern that the preemption analysis might not be applicable to the case, the Court issued its order to show cause why the case should not be remanded to state court.

**Discussion**

As the Court pointed out in the order to show cause, and the parties have discussed in their briefs, there is a circuit-level split of authority concerning the preemptive effect of the WPP on state-law causes of action such as the one Plaintiff raises in this case. *Compare Botz v. Omni Air Int'l*, 286 F.3d 488 (8th Cir. 2002), *with Gary v. Air Group, Inc.*, 397 F.3d 183 (3d Cir. 2005), *and Branche v. Airtran Airways, Inc.*, 342 F.3d 1248 (11th Cir. 2003). In *Botz*, a flight attendant had refused an assignment to fly a certain route because she believed the assignment violated FAA regulations; she also complained to the FAA about the matter. Her employer fired her, and she filed a lawsuit in state court alleging a violation of a state whistleblower statute. The Eighth Circuit held that her state-law claim was preempted by the ADA's own whistleblower provision, the WPP. In both *Gary* and *Branche*, however, the Third Circuit and the Eleventh Circuit held that state-law whistleblower claims were not preempted by the WPP. Neither of these cases involved a plaintiff who caused a direct impact on a particular flight, as the plaintiff in *Botz* had done by refusing to accept a specific assignment to work a specific flight. Instead, in *Gary* the plaintiff complained to his employer that a fellow pilot was unqualified and dangerous, and that continuing to use that pilot would put the employer in violation of FAA regulations. Similarly, in *Branche* an inspector filed a report with the FAA alleging that fellow employees had violated an FAA regulation while

performing a test of an engine, but the report did not have any impact on a particular jet or a particular flight.

Defendant contends the Court should follow *Botz* and adopt a bright-line rule under which any whistleblower claim that implicates FAA regulations or aircraft safety in any way would be preempted by the WPP. The weight of authority, however, is clearly contrary to such a rule. In addition to *Gary* and *Branche*, both of which rejected the *Botz* approach, a solid majority of federal district courts has refused to find preemption of state-law retaliatory-discharge claims in situations similar to this one. *See, e.g., Gervasio v. Continental Airlines, Inc.*, 2008 WL 2938047 (D.N.J. unpublished); *James v. Evergreen Intern. Airlines, Inc.*, 2008 WL 2564804 (D.Or. unpublished); *see also DiFiore v. American Airlines, Inc.,* 483 F.Supp.2d 121, 125 (D.Mass.2007) (decided in different context, but listing cases and pointing out that airline employees' employment-related claims are almost always found not to be preempted by the Airline Deregulation Act).

There is no need to replicate the various discussions of the issue contained in the above-cited cases. The Court simply finds the *Branche* and *Gary* approach preferable to the type of bright-line rule Defendant proposes. As those cases discuss, preemption should only occur if the actions leading to the plaintiff's claim had an impact on an airline's price, route, or service. As those cases also discuss, there is a presumption against preemption of state-law claims, and the impact on price, route, or service should therefore be relatively direct rather than tangential. In this case, Plaintiff's alleged actions had no such direct impact on a particular airline or flight. Defendant has not argued that any jet was unable to fly as a result of Plaintiff's actions, or that any flight was in danger of being cancelled. There is no indication that Plaintiff had the ability to scuttle any particular repair assignment; instead, he alleges in his complaint that when he refused to sign off on repair work, the manager of Defendant's quality and planning department would sign off instead. Therefore, the only

information available to the Court is to the effect that Plaintiff did not have ultimate authority over the question of whether a particular repaired part would be returned to service or retained for further repair. Under these circumstances, nothing Plaintiff did could have had a direct impact on any airline's price, route, or service, and his state-law claim for wrongful discharge is therefore not preempted by the WPP.

Since federal preemption is not applicable in this case, and the only claim raised in Plaintiff's state-court complaint was his state-law claim, removal of the action to this Court was not warranted. This Court does not have subject-matter jurisdiction over Plaintiff's state-law claim, and the case will therefore be remanded to the court from which it was removed.

Dated this 3rd day of December, 2008.

_____
BRUCE D. BLACK
United States District Judge